IN THE COURT OF COMMON PLEAS, SUMMIT COUNTY, OHIO

CASE NUMBER: CV-2012-07-4163

SELECTIVE INSURANCE CO OF SOUTHEAST
3426 TORINGDON WAY
Charlotte, NC 44024
Primary Plaintiff

**SUMMONS**

-VS-

RLI INSURANCE CO
C/O JILL SCOTT SA
9051 S HILLS BLVD STE 290
Broadview Heights, OH 44147
Primary Defendant

**TO the following:** RLI INSURANCE CO
C/O JILL SCOTT SA
9051 S HILLS BLVD STE 290
Broadview Heights, OH 44147

You have been named as a defendant(s) in a complaint filed in the Summit County Court of Common Pleas, Summit County Courthouse 205 S. High St., Akron Ohio, 44308.

A copy of the COMPLAINT is attached hereto. The name and address of the Plaintiff's attorney is:

BRIAN LEE WILDERMUTH
THE GREENE TOWNE CENTER
DAYTON, OH 45440

You are hereby summoned and required to serve upon the attorney listed above, or upon the party, if they have no attorney of record, a copy of an answer to the COMPLAINT within twenty-eight (28) days after service of this summon on you, exclusive of the day of service. Your answer must be filed with the Court within three days after the service of a copy of the answer on the attorney, or upon the party, if there is no attorney of record

If you fail to appear and defend, judgment by default may be rendered against you for the relief demanded in the COMPLAINT.

Daniel M. Horrigan        , Clerk, Court Of Common Pleas, Summit County, Ohio.

By s/ MD        07/19/2012

**EXHIBIT A**

CV Form 016        Rev 1.100614

DANIEL M. HORRIGAN
2012 JUL 17 AM 9:07
SUMMIT COUNTY
CLERK OF COURTS

IN THE COMMON PLEAS COURT
OF SUMMIT COUNTY, OHIO
CIVIL DIVISION

| | |
|---|---|
| SELECTIVE INSURANCE COMPANY<br>OF THE SOUTHEAST<br>3426 Toringdon Way<br>Charlotte, NC 28277<br><br>Plaintiff,<br><br>v.<br><br>RLI INSURANCE COMPANY<br>C/o Jill Scott, Statutory Agent<br>9051 South Hills Boulevard, Suite 290<br>Broadview Heights, Ohio 44147<br><br>Defendant. | CASE NO. 2012 07 4163<br>JUDGE<br>ASSIGNED TO JUDGE TEODOSIO |

**COMPLAINT FOR DECLARATORY JUDGMENT AND MONETARY RELIEF;
WITH JURY DEMAND ENDORSED HEREON**

Now comes Selective Insurance Company of the Southeast ("Selective"), by and through its undersigned counsel, to set forth this Complaint for Declaratory Judgment and Monetary Relief against RLI Insurance Company. Selective asserts the claims set forth below in its own right, as the assignee and subrogee of the rights of the City of Barberton, and as the assignee and subrogee of the rights of City of Barberton employees Danton Adair, Matt Hudak, Jeff Flaker, and Jim Weese. Selective avers and alleges as follows:

1. Selective is an out-of-state corporation that engages in the business of insurance in the State of Ohio.

2. RLI Insurance Company ("RLI") is an out-of-state corporation that engages in the business of insurance in the State of Ohio.

Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

3. Venue is proper in this Court as Selective and RLI each issued an insurance policy to the City of Barberton, a political subdivision of the State of Ohio. The City of Barberton is located in Summit County, Ohio.

4. This Court has jurisdiction as RLI engaged in the business of insurance in Summit County, Ohio; as the claims set forth in this Complaint relate to an insurance policy that RLI issued to the City of Barberton; and as Selective is asserting the below claims, in part, as the assignee and subrogee of a political subdivision located in Summit County and as the assignee and subrogee of individuals residing in, or employed in, Summit County.

5. On either the night of June 6, 1998 or the morning of June 7, 1998, Judith Johnson was raped and murdered in her home in Barberton, Ohio. Her six-year old granddaughter was assaulted and raped on the same date and in the same location.

6. On June 7, 1998, one or more officers and/or detectives of the City of Barberton Police Department arrested and jailed Clarence Elkins, Sr. for the rape and murder of Judith Johnson and the assault and rape of Ms. Johnson's granddaughter.

7. On June 10, 1998, a Summit County grand jury indicted Clarence Elkins, Sr. for the rape and murder of Judith Johnson and the assault and rape of Ms. Johnson's granddaughter. Elkins was charged with said crimes on or before June 10, 1998.

8. On June 4, 1999, following a trial, a jury convicted Clarence Elkins, Sr. of the rape and murder of Judith Johnson and the assault and rape of Ms. Johnson's granddaughter. On June 18, 1999, Elkins was sentenced to life imprisonment.

9. On January 5, 1999, while the Elkins investigation was ongoing, Barberton Police arrested Earl Mann for two violent robberies. During the course of the arrest, Mann asked a police officer a question something like the following: "Why don't you charge

‖S&W‖

**Subashi & Wildermuth**

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

2

me with the Judy Johnson murder?" On the day of Mann's arrest, one of the arresting officers prepared a memorandum directed to the detectives investigating the Judith Johnson murder. Consistent with departmental procedures, the officer placed the memorandum in the appropriate mail box that same day, so that the memorandum would be received by the detectives investigating the Judith Johnson murder. The officer's memorandum restated Mann's question. Clarence Elkins, Sr. and his legal counsel were not provided, and did not learn of or obtain, the information in that memorandum until long after the jury trial, conviction, and imprisonment of Clarence Elkins, Sr.

10. Clarence Elkins, Sr. remained imprisoned until December 15, 2005, the date of his release and exoneration.

11. A DNA sample from Earl Mann, obtained by Clarence Elkins, Sr. while in prison, matched DNA found at the scene of the crimes. Earl Mann was later convicted of the murder of Judith Johnson.

12. In December of 2006, Clarence Elkins, Sr. (along with members of his family) filed a lawsuit against the City of Barberton, several City employees, and other defendants. A true and accurate copy of the Amended Complaint, filed in that lawsuit on August 17, 2007, is attached hereto as Exhibit A and incorporated herein by reference. Elkins filed the lawsuit in the United States District Court for the Northern District of Ohio. It was assigned case number 5:06 CV 3004.

13. As to the lawsuit filed by Clarence Elkins, Sr., discovery ensued, and the Defendants filed motions for summary judgment. The trial court issued a written decision on those motions for summary judgment, and a true and accurate copy of that decision is attached hereto as Exhibit B.

‖S&W‖

Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone:  937-427-8800
fax:    937-427-8816

3

14. Certain claims against City of Barberton police officers/detectives survived summary judgment, including Section 1983 claims and malicious prosecution claims against City employees Adair, Hudak, Flaker, and Weese. Those police officers/detectives pursued an immediate, interlocutory appeal, so as to assert the defense of qualified immunity. On August 10, 2010, the Sixth Circuit Court of Appeals issued a decision stating that the qualified immunity defense was not applicable. A true and accurate copy of that decision is attached hereto as Exhibit C.

15. National Casualty Company issued a Law Enforcement Liability Policy to the City of Barberton. The policy period was from June 29, 1997 to June 29, 1998, and the policy number was PL-541536. A true and accurate copy of the National Casualty Company insurance policy is attached hereto as Exhibit D and incorporated herein by reference.

16. National Casualty Company retained competent, qualified, and experienced defense counsel to represent the City of Barberton and its employees. The City and its employees were capably represented by such defense counsel throughout the pendency of the Clarence Elkins lawsuit. National Casualty Company paid the defense costs.

17. RLI issued a Commercial Umbrella Liability Policy to the City of Barberton. The policy period was from June 29, 1997 to June 29, 1998, and the policy number was OUL0025825. A true and accurate copy of the RLI insurance policy is attached hereto as Exhibit E and incorporated herein by reference.

18. CNA/Continental Casualty Company (hereinafter "CNA") issued a Law Enforcement Liability policy to the City of Barberton. The policy period was from June 29, 1998 to June 29, 1999. The policy number was 185862521. The policy limit was $1,000,000. A true and accurate copy of the CNA policy is attached hereto as Exhibit F and incorporated herein by reference.

‖S&W‖

**Subashi & Wildermuth**

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

4

19. Selective issued a Commercial Catastrophe Liability policy to the City of Barberton. The policy period was from June 29, 1998 to June 29, 1999, and the policy number was UB 78019. A true and accurate copy of the Selective Insurance policy is attached hereto as Exhibit G and incorporated herein by reference.

20. Selective first received actual notice of the Elkins lawsuit against the City of Barberton and its employees in August of 2010, after issuance of the Sixth Circuit's decision. RLI first received actual notice of the Elkins lawsuit at around that same time, in August of 2010.

21. Through a letter dated August 23, 2010, RLI denied coverage. A copy of RLI's coverage denial letter is attached hereto as Exhibit H and incorporated by reference herein.

22. Following issuance of the Sixth Circuit's decision, the United States District Court for the Northern District of Ohio set a trial date for the remaining claims against the City of Barberton's employees. Trial was to commence on December 6, 2010.

23. Pursuant to Ohio Revised Code Section 2744.07, the City of Barberton had an obligation to indemnify its employees so long as the employees acted in good faith and within the scope of employment. The City of Barberton employees Elkins sued (Adair, Hudak, Flaker, and Weese) acted in good faith and within the scope of their employment. The City of Barberton had a duty to indemnify its employees, and RLI has a duty to indemnify the City of Barberton and its assignee/subrogee (Selective).

24. The United States District Court for the Northern District of Ohio also ordered that the remaining claims against the City of Barberton's employees proceed to mediation, and that the mediation be held on November 16, 2010.

|S&W|
Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone:  937-427-8800
fax:    937-427-8816

25. In advance of the November 16, 2010 mediation, Elkins and the other Plaintiffs demanded $5.25 million to settle all claims, stating that was their "bottom line" demand. Plaintiffs further stated that, if the case was not settled by the close of business on November 16, 2010, the settlement demand would increase to $12 million.

26. RLI refused to participate in and/or attend the November 16, 2010 mediation.

27. Consistent with the Court's order, the case was mediated on November 16, 2010, resulting in a settlement. The total amount of the settlement was $5.25 million. National Casualty Company paid $1 million, its policy limit. CNA paid $1 million, its policy limit. Selective paid $3.25 million. RLI did not contribute to the settlement. The amount of the settlement was reasonable. RLI is estopped from arguing otherwise, or, in the alternative, R.C. 2744.07 precludes RLI from challenging or disputing the decision to settle.

28. The City of Barberton and its employees authorized, consented to, concurred with, and/or voluntarily entered into the settlement. Selective obtained a release and assignment from the City of Barberton and its employees (Adair, Hudak, Flaker, and Weese). A true and accurate copy of the release and assignment is attached hereto as Exhibit I and incorporated herein by reference.

29. Clarence Elkins, Sr. and the other Plaintiffs executed a Comprehensive Release of All Claims and Demands, a true and accurate copy of which is attached hereto as Exhibit J and incorporated herein by reference.

30. The City of Barberton, Danton Adair, Matt Hudak, Jeff Flaker, and Jim Weese were all insureds under the RLI insurance policy. RLI had a duty to indemnify the City of Barberton, Adair, Hudak, Flaker, and Weese as to the claims asserted by Elkins and the other Plaintiffs. RLI wrongfully denied coverage to the City of Barberton and its

‖S&W‖

Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone:  937-427-8800
fax:    937-427-8816

6

employees. RLI breached the insurance policy by, for example, failing to participate in the mediation and/or contribute toward settlement of the claims against its insureds, and, more generally, by refusing to indemnify its insureds.

31. The claims of Clarence Elkins, Sr. and the other Plaintiffs, including the claims for malicious prosecution and deprivation of due process rights, occurred, for insurance purposes, at the time Clarence Elkins, Sr. was first arrested and/or indicted for the rape and murder of Judith Johnson and the rape and assault of Ms. Johnson's granddaughter. Clarence Elkins, Sr. was first arrested during the RLI policy period. Clarence Elkins, Sr. was indicted during the RLI policy period.

32. RLI was not prejudiced by its receipt of actual notice in August of 2010. The lawsuit was properly and competently defended, from the outset, by defense counsel obtained by and paid by National Casualty Company.

33. Selective, National Casualty Company, and CNA acted in good faith, and in the best interests of the City and its employees, by settling the claims at mediation on November 16, 2010.

34. RLI failed to act in the best interests of its insureds, and it abdicated its responsibilities to its insureds by declining coverage, refusing to participate in the mediation, and refusing to contribute toward settlement of the Plaintiffs' claims despite being asked to do so.

35. The claims against the City of Barberton and its employees occurred during the RLI policy period, and RLI is legally obligated to reimburse/indemnify Selective in the amount of $3.25 million.

36. As of November 16, 2010, Ohio law did not provide guidance as to the question of when claims for malicious prosecution and deprivation of due process rights (as

|S&W|
Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone:  937-427-8800
fax:    937-427-8816

7

asserted by Clarence Elkins, Sr. and the other Plaintiffs) occurred for purposes of insurance coverage. However, the majority rule, from other jurisdictions, is that such claims occur, for insurance purposes, at the time the individual was initially arrested and charged with the crime. Selective seeks an order from this Court that the claims of Clarence Elkins, Sr. and the other Plaintiffs occurred, for insurance purposes, during the policy period of RLI, that RLI had a duty to indemnify its insureds, and that RLI must reimburse/indemnify Selective in the amount of $3.25 million.

### I. First Claim for Relief – Declaratory Judgment

37. All of the other allegations and averments set forth in this Complaint are reasserted and incorporated by reference herein.

38. In its own right and as assignee, Selective presents this claim for declaratory judgment pursuant to Ohio Revised Code Chapter 2721 and Civil Rule 57.

39. There is a real, concrete, and justiciable controversy between Selective and RLI. That controversy may be resolved, at least in part, through issuance of a declaratory judgment.

40. The National Casualty Company insurance policy is listed in the RLI policy's Schedule of Underlying Insurance. The RLI policy "follows the form" of the National Casualty Company policy. If coverage was available under the National Casualty Company policy then it was also available under the RLI policy.

41. National Casualty Company defended and indemnified the City of Barberton and its employees as to the claims of Clarence Elkins, Sr. and the other Plaintiffs.

42. The City of Barberton and its employees (Adair, Hudak, Flaker, and Weese) were entitled to defense and indemnity under the terms and conditions of the National Casualty Company policy.

‖S&W‖

**Subashi & Wildermuth**

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

43. RLI wrongfully denied coverage and refused to indemnify the City of Barberton and its employees.

44. Selective requests a judicial declaration that RLI had an obligation to indemnify the City of Barberton and its employees (Adair, Hudak, Flaker, and Weese) as to the claims of Clarence Elkins, Sr. and the other Plaintiffs.

45. Selective seeks a judicial declaration that the claims of Clarence Elkins, Sr. and the other Plaintiffs, as asserted in the federal court action, occurred during the RLI policy period; that there was an occurrence under the RLI policy; and that RLI improperly denied coverage.

46. The settlement entered into by Selective, National Casualty Company, and CNA was reasonable and appropriate and/or, having denied coverage, RLI is estopped and/or precluded from disputing the reasonableness or appropriateness of the settlement.

47. RLI is obligated to reimburse/indemnify Selective in the amount of $3.25 million. Alternatively, RLI is obligated to indemnify the City of Barberton and its employees in the amount of $3.25 million.

48. Selective further requests that the Court fully declare the rights and obligations of the parties and fully determine and declare the nature and extent of appropriate relief.

    II.    **Second Claim for Relief – Breach of Contract**

49. All of the other allegations and averments set forth in this Complaint are reasserted and incorporated by reference herein.

50. RLI breached the terms and conditions of its insurance policy by denying coverage, refusing to indemnify the City of Barberton and its employees, refusing to participate in mediation, and/or refusing to participate in the settlement.

‖S&W‖

**Subashi & Wildermuth**

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

51. Selective, as assignee of the rights of the City of Barberton and/or as assignee of the rights of the City's employees (Adair, Hudak, Flaker, and Weese), suffered and sustained damages, loss, and/or harm, as a direct and proximate result of RLI's breach of contract, in the amount of $3.25 million.

### III. Third Claim for Relief – Subrogation

52. All of the other allegations and averments set forth in this Complaint are reasserted and incorporated by reference herein.

53. Pursuant to the terms of its insurance policy and/or pursuant to common law, Selective is subrogated to the rights of the City of Barberton and/or to the rights of City of Barberton employees Adair, Hudak, Flaker, and Weese.

54. Selective is subrogated to the full extent of its contribution toward settlement of the claims of Clarence Elkins, Sr. and the other Plaintiffs -- $3.25 million.

55. Selective "stands in the shoes" of the City of Barberton and its employees and, in that capacity, asserts that RLI breached the insurance policy and that Selective sustained damages, loss, and/or harm, as a direct and proximate result of RLI's breach of contract, in the amount of $3.25 million.

### IV. Fourth Claim for Relief – Equitable Contribution

56. All of the other allegations and averments set forth in this Complaint are reasserted and incorporated by reference herein.

57. Selective paid what RLI should have paid, but wrongfully refused to pay.

58. Selective is entitled to equitable contribution from RLI, in an amount up to $3.25 million.

S&W
Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

10

**WHEREFORE**, Selective Insurance Company of the Southeast prays for the declaratory and monetary relief requested above and that judgment be entered in its favor in the amount of $3.25 million, along with the costs of suit and interest.

Respectfully submitted,

*[signature]*

Brian L. Wildermuth (0066303)
bwildermuth@swohiolaw.com
SUBASHI & WILDERMUTH
The Greene Town Center
50 Chestnut Street, Suite 230
Dayton, Ohio 45440-1385
Phone:      (937) 427-8800
Facsimile:  (937) 427-8816
*Attorney for Plaintiff*

### JURY DEMAND

Now comes Plaintiff and hereby demands a trial by jury as to all issues raised herein.

*[signature]*

Brian L. Wildermuth (0066303)

|S&W|

Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone:   937-427-8800
fax:     937-427-8816

DANIEL M. HORRIGAN

2012 JUL 17 AM 8:06

SUMMIT COUNTY
CLERK OF COURTS

IN THE COMMON PLEAS COURT
OF SUMMIT COUNTY, OHIO
CIVIL DIVISION

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY | : | CASE NO. 2012 07 4163 |
| OF THE SOUTHEAST | | |
| 3426 Toringdon Way | : | JUDGE ASSIGNED TO JUDGE TEODOSIO |
| Charlotte, NC 28277 | | |
| | : | |
| Plaintiff, | | |
| | : | |
| v. | | |
| | : | |
| RLI INSURANCE COMPANY | | **PRAECIPE FOR SERVICE** |
| C/o Jill Scott, Statutory Agent | : | |
| 9051 South Hills Boulevard, Suite 290 | | |
| Broadview Heights, Ohio 44147 | : | |
| | | |
| Defendant. | : | |

**INSTRUCTIONS TO THE CLERK:**

Pursuant to Rules 4 and 4.1 of the Ohio Rules of Civil Procedure, the Clerk is hereby requested to serve a copy of this Complaint and Summons, via certified mail, return receipt requested, on the following defendant:

RLI INSURANCE COMPANY
c/o Jill Scott, Statutory Agent
9051 South Hills Boulevard, Suite 290
Broadview Heights, Ohio 44147

Certified Article Number
7196 9008 9111 4907 0994
SENDERS RECORD

Respectfully submitted,

/s/ Brian L. Wildermuth
Brian L. Wildermuth (0066303)
bwildermuth@swohiolaw.com
SUBASHI & WILDERMUTH
The Greene Town Center
50 Chestnut Street, Suite 230
Dayton, Ohio 45440-1385
Phone: (937) 427-8800
Facsimile: (937) 427-8816
*Attorney for Plaintiff*

[S&W]

Subashi
& Wildermuth

The Greene Town Center
50 Chestnut Street
Suite 230
Dayton, Ohio 45440

phone: 937-427-8800
fax: 937-427-8816

1