IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
SELECTIVE INSURANCE COMPANY    : CASE NO. 5:12-cv-02126
OF THE SOUTHEAST,              :
                               : MEMORANDUM OF OPINION AND
                   Plaintiff,  : ORDER
                               :
         -vs-                  :
                               :
RLI INSURANCE COMPANY,         :
                               :
                   Defendant.  :
------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court are two motions filed by the defendant RLI Insurance Company ("RLI"): a motion to certify interlocutory appeal and a motion for clarification. The plaintiff Selective Insurance Company of the Southeast ("Selective") filed a brief in opposition, and RLI filed a reply. As explained below, the defendant's motion to certify interlocutory appeal is denied, and the motion to clarify is granted.

## I. Background

This insurance coverage dispute arises from an underlying federal civil case brought by Clarence Elkins and his family members against the City of Barberton and its police officers, after Mr. Elkins was wrongly convicted and imprisoned for rape and murder. Relevant here are three claims brought by the Elkins plaintiffs in the underlying

civil case: a federal constitutional claim under 42 U.S.C. § 1983 and state law claims for malicious prosecution and loss of consortium. After the district court denied summary judgment as to these claims in the underlying case, the parties settled that dispute for $5.25 million.

The city's excess insurers disputed which of them was obligated to provide excess coverage for the settlement. Selective, the plaintiff in the instant case, contributed $3.25 million to the settlement, while RLI, the defendant here, contributed nothing. Selective filed the instant lawsuit seeking contribution from RLI. On a motion for summary judgment, Selective argued that RLI was the appropriate insurer to provide excess coverage, because its policy was the one in effect at the time that criminal charges were brought against Mr. Elkins. RLI argued in opposition that Selective was the appropriate insurer, because Selective's policy was the one in effect at the time that probable cause for Mr. Elkins' prosecution was lost. RLI asserted that probable cause was destroyed, and Selective's policy was triggered, when Barberton detectives failed to disclose a piece of material exculpatory evidence, a document referred to as the Mann Memo.

On July 13, 2015, this Court issued a Memorandum of Opinion and Order which accepted Selective's argument and rejected RLI's. The Court observed that no Ohio court had considered the question presented, but the Court predicted that based on general principles of Ohio insurance law, the Ohio Supreme Court would adopt what is referred to as the majority rule--that for purposes of insurance coverage under an occurrence based policy, the tort of malicious prosecution occurs at the time charges are filed against the criminal defendant. The Court rejected RLI's contention that

2

Selective's policy was triggered when Barberton detectives failed to disclose the Mann Memo, the internal document which the district court in the underlying civil case concluded was material exculpatory evidence.

## II. Law and Argument

The defendant RLI now moves this Court to enter an order certifying the July 13, 2015 decision for interlocutory appeal. RLI further moves for clarification of the Court's order, specifically as to whether RLI's policy provided coverage for the Elkins plaintiffs' claims under 42 U.S.C. § 1983 and for loss of consortium. Each motion will be addressed in turn.

### A. RLI's Motion to Certify

A district court may certify an order for interlocutory appeal under 28 U.S.C. § 1292(b). That statute provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Thus, this Court may certify for interlocutory appeal if it concludes that (1) the order involves a controlling question of law, (2) a substantial ground for difference of opinion exists regarding the correctness of the decision, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. See In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002). Certification of an interlocutory order for appeal is

3

warranted only in exceptional cases, where early appellate review might avoid protracted and expensive litigation. See In re Cement Antitrust Litig., 673 F.2d 1020, 1026 (9th Cir.1982).

*Controlling question of law*

A question of law is "controlling" under 28 U.S.C. § 1292(b) if "it could materially affect the outcome of the case." In re City of Memphis, 293 F. 3d at 351. In this instance, there is no question that the issue resolved in this Court's July 13, 2015 Memorandum of Opinion and Order involved "a controlling question of law," and Selective concedes as much. Therefore, whether it is appropriate to certify an interlocutory appeal in this case depends on whether RLI can satisfy the remaining two elements of the above-stated standard.

*Substantial ground for difference of opinion*

The second consideration is whether a substantial ground for difference of opinion exists regarding the correctness of the Court's decision. A "difference of opinion" exists "when (1) the case is difficult and of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue." U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC, 845 F. Supp. 2d 858, 867 (S.D. Ohio 2012) (quoting In re Regions Morgan Keegan ERISA Litig., 741 F. Supp. 2d 844, 849 (W.D. Tenn. 2010) (internal quotation marks omitted). In the present case, this Court has already indicated that the trigger issue was one of first impression in Ohio, and the Sixth Circuit has not spoken on the issue. In addition, as addressed in the Court's Memorandum of Opinion and Order, the circuits which have considered the issue have reached different conclusions depending on the applicable state law. The Eighth and

4

the Third Circuits, applying Missouri and Iowa law, respectively, have followed the majority rule, under which coverage for a malicious prosecution claim is triggered at the time underlying criminal charges are filed. See Compare Genesis Ins. Co. v. City of Council Bluffs, 677 F.3d 806, 813 (8th Cir. 2012) and City of Erie, Pa. v. Guar. Nat. Ins. Co., 109 F.3d 156, 160 (3d Cir. 1997). The Seventh Circuit applied Illinois law and followed the minority rule that the tort of malicious prosecution occurs for coverage purposes at the time underlying criminal charges are resolved. See American Safety Cas. Ins. Co. v. City of Waukegan, 678 F.3d 475 (7th Cir. 2012).

Selective acknowledges this disagreement, but it argues that it does not amount to a substantial difference of opinion with respect to the issues of this particular case, because RLI advocated for neither the majority nor minority positions. Instead, RLI argued for a third position which the Court determined was unsupported by any meaningful authority. As such, Selective argues, this split of authority is not relevant to the position that RLI takes.

The Court agrees with Selective on this point. First, RLI fails to provide any credible support for the so-called "third position" that insurance coverage for a claim that a prosecution was maliciously continued is not triggered until the defendant discovers facts that eliminate the grounds for prosecution. Both of the cases cited by RLI in support of this idea actually *reject* its application. For instance, in Hampton v. Carter Enterprises, Inc., 238 S.W.3d 170 (Mo. Ct. App. 2007), the court observed that under Missouri law, for insurance coverage purposes, "the offense of 'malicious prosecution is committed upon institution of the underlying action.'" 238 S.W.3d at 177 (quoting American Family Mutual Insurance Company v. McMullin, 869 S.W.2d 862,

5

864 (Mo. Ct. App. 1994). This observation is consistent with Selective's position, not RLI's. Moreover, the Hampton court concluded that there was no support for the idea that for insurance purposes, a claim for malicious continuation of prosecution is triggered when the grounds for prosecution are destroyed. Another case cited by RLI, City of Lee's Summit v. Missouri Public Risk management, 390 S.W.3d 214 (Mo.Ct. App. 2012), also applied Missouri law and similarly rejected the idea that the elimination of the grounds for prosecution acts as a trigger for a claim of malicious continuation of prosecution.

Furthermore, it is not exactly accurate to describe the apparent difference of opinion between the Seventh Circuit, on the one hand, and the Eighth and Third Circuits, on the other, as a circuit split. Each of these cases involved the application of state insurance law, with the Third, Eighth, and Seventh Circuits applying the laws of Iowa, Missouri, and Illinois, respectively. Although the Seventh Circuit reached a different conclusion than those of the other two circuits, there is no circuit split because the Seventh Circuit reached its decision based on its interpretation of Illinois law, whereas the other two circuits did not. If the Third or Eighth Circuit had decided their cases under Illinois law and reached a conclusion different from that of the Seventh Circuit, then it would be fair to call the difference of opinion a circuit split. But that is not what happened.

Although it is true that no Ohio state court has considered the question decided in this Court's Memorandum of Opinion and Order, the absence of Ohio law directly on point is insufficient to justify the conclusion that there is a substantial ground for difference of opinion regarding the correctness of this Court's opinion. "[S]imply

6

because a court is the first to rule on a question or counsel disagrees on applicable precedent does not qualify the issue as one over which there is substantial disagreement." Ryan v. Flowserve Corp., 444 F. Supp. 2d 718, 724 (N.D. Tex. 2006). Nor does a party's claim that a district court has ruled incorrectly demonstrate a substantial disagreement. Wausau Bus. Ins. Co. v. Turner Constr. Co., 151 F.Supp.2d 488, 491 (S.D.N.Y. 2001). In this instance, the Court reached its decision by predicting what an Ohio court would decide in light of general principles of Ohio insurance law, and it easily concluded that the majority rule was more consistent with Ohio law. Although RLI indicates that other courts applying the law of other states have followed the minority rule, it cites no precedent that would call into question the conclusion that Ohio law is more consistent with the majority rule than it is with the minority rule. In sum, RLI has failed to demonstrate a substantial ground for difference of opinion regarding the correctness of this Court's decision.

*Material advancement of the ultimate termination of the litigation*

The final consideration is whether certifying an interlocutory appeal will "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). RLI maintains that certification of an interlocutory appeal would so advance the litigation here, because if the Court's decision were reversed it would result in the immediate termination of proceedings. Selective argues otherwise, asserting that in the event that the Court of Appeals did reverse this Court and adopt RLI's proposed rule, a remand would still be necessary in order to make a factual determination as to when exactly probable cause for Mr. Elkins's prosecution was destroyed. The Court agrees with Selective in this instance. While the district judge in the underlying civil litigation found

7

that the failure to disclose the Mann Memo represented evidence by which a reasonable jury could find a Brady violation, that judge's opinion did not foreclose Elkins right to establish at trial that he had been prosecuted without probable cause prior to the failure to disclose the Mann Memo. If the matter had gone to trial, instead of reaching resolution through settlement, a jury may have concluded that probable cause was lost at a time earlier than the failure to disclose the Mann Memo. Thus, it is this Court's view that if the Sixth Circuit were to reverse this Court on interlocutory appeal and adopt RLI's proposed rule, a factual determination as to when probable cause was lost would be necessary to resolve this dispute. As such, certifying this matter for interlocutory appeal would not materially advance the termination of this litigation.

RLI has failed to demonstrate the appropriateness of certifying this matter for interlocutory appeal.

### B. RLI's motion for clarification

Next, the Court addresses RLI's request for clarification as to whether the Court's Memorandum of Opinion and Order applies to the Elkins plaintiffs' § 1983 claim and/or their loss of consortium claim. The Court agrees with RLI that clarification is appropriate on these issues, and it clarifies its Memorandum of Opinion and Order as follows.

Under the RLI policy, "personal injury" is defined as "injury, other than bodily injury, arising out of false imprisonment, wrongful eviction, wrongful detention, malicious prosecution, discrimination, humiliation, libel, slander or defamation of character or invasion of rights of privacy; all of which are committed in the conduct of the insured's business." The Court agrees with RLI that under the policy language, the loss of

8

consortium claim does not fit the definition of personal injury. On the other hand, the definition does encompass the underlying constitutional claim. The constitutional claim at issue here was based on the allegation that Mr. Elkins was detained and prosecuted without probable cause. The Court concludes that the definition of "personal injury," which includes false imprisonment, wrongful detention, and malicious prosecution, encompasses this claim.

### III. Conclusion

For the reasons stated above, the defendant's motion to certify interlocutory appeal is denied. The defendant's motion to clarify is granted in the manner described above.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

Date: October 1, 2015