UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SELECTIVE INSURANCE CO. OF SOUTHEAST | ) ) | CASE NO. 5:12CV2126 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| | ) ) | MAGISTRATE JUDGE THOMAS M. PARKER |
| RLI INSURANCE CO., | ) ) | |
| | ) | REPORT & RECOMMENDATION |
| Defendant. | ) | |

Currently before the court is the August 29, 2016 motion for an order requiring payment of its costs to comply with a subpoena issued by Defendant RLI filed by non-party Mazanec, Raskin and Ryder Co., L.P.A. ("MR&R), referred for resolution by Judge Benita Y. Pearson.[1] For the reasons that follow, the undersigned recommends that an order awarding costs in the amount of $14,174.32 be made to MR&R.

On April 29, 2016, pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a), the Honorable Judge Benita Y. Pearson referred motions to quash filed by non-party, Mazanec, Raskin and Ryder Co., L.P.A., ("MR&R")[2] and non-parties, National Casualty Company and Scottsdale Insurance Company, ("Scottsdale")[3] to the undersigned for resolution.

Following a telephone conference held on June 2, 2016, the undersigned required the non-parties to file preliminary estimates of the expenses they would incur by producing the

---

[1] ECF Doc. No. 78.
[2] ECF Doc. No. 41, Page ID# 814.
[3] ECF Doc. No. 49, Page ID# 1123.

documents subpoenaed by Defendant RLI Insurance Company ("RLI").[4] Scottsdale filed a preliminary estimate on June 10, 2016[5] and MR&R filed its preliminary estimate on June 13, 2016.[6] Thereafter, RLI made some attempts to modify its subpoenas, but when an agreement could not be reached, it requested that the court enforce the unmodified subpoenas.[7]

On August 16, 2016, the undersigned issued an order modifying the subpoenas issued by Defendant RLI Insurance Company.[8] The court modified the subpoenas issued to MR&R and Scottsdale to require the production of the following:

1. Elkins' and Barberton's initial disclosures;

2. Barberton's answers to written discovery and document production;

3. Documents produced in response to the IRS subpoena (except medical records);

4. MM&R's emails and correspondence with opposing counsel and other non-privileged third parties; and

5. Attorneys memos and/or notes (excepting those which were prepared in relation to the present case, 5:12-cv-2126).

The undersigned also indicated that, if MR&R and/or Scottsdale possessed a good faith belief that any of the materials were privileged, they were required to submit a privilege log as to those materials. On August 22, 2016, MR&R e-mailed several privilege logs to the undersigned.

On August 26, 2016, MR&R filed a statement of costs for responding to RLI's subpoena as modified.[9] This statement reflects costs in the total amount of $17,494.32 for complying with RLI's subpoena. These costs are far less than the estimate MR&R filed prior to the modification

---

[4] ECF Doc. No. 63, Page ID# 1660.
[5] ECF Doc. No. 65, Page ID# 1668.
[6] ECF Doc. No. 66, Page ID# 1671.
[7] ECF Doc. No. 71, Page ID# 1695.
[8] ECF Doc. No. 76, Page ID# 1729.
[9] ECF Doc. No. 77, Page ID# 1733.

of the subpoena by the undersigned.  Nonetheless, MR&R, a non-party to this lawsuit, represents that it incurred significant costs in complying with the modified subpoena from RLI.

On August 29, 2016, MR&R filed a motion for an order requiring payment of its costs by Defendant RLI.[10]  MR&R argues that the time spent in responding to RLI's subpoena was reasonable and would have been devoted to other billable activities if it had not been required to comply with the subpoena.  MR&R argues that, pursuant to Fed. R. Civ. Proc. 45(d)(3)(A)(iv), it should be compensated for its costs so as to avoid being subjected to an undue burden by compliance with the subpoena.

On August 31, 2016, RLI filed a brief in opposition to MR&R's motion for order to pay costs.[11]  RLI argues that MR&R was not subjected to an undue burden because the undersigned modified the subpoena.  RLI also argues that MR&R cannot request application of a cost estimate which applied to the entire scope of the original subpoena, not the modified subpoena.

On September 12, 2016, MR&R filed a reply in support of its motion for order requiring payment of its costs.[12]  MR&R argues that, while its burden was lessened by the modification of the subpoena, it was certainly not eliminated.  MR&R argues that, if RLI does not think that incurring $17,494.32 in costs constitutes an undue burden, then RLI should willingly bear that burden and pay that amount to MR&R.

On September 9, 2016, Judge Pearson referred MR&R's motion for payment of its costs to the undersigned for resolution.[13]  The undersigned has elected to issue a report and recommendation pursuant to Rule 72(b)(1), Fed. R. Civ. P., rather than an order inasmuch as the instant motion is dispositive of MR&R's claim for recovery of attorney fees.

---

[10] ECF Doc. No. 78, Page ID# 1738.
[11] ECF Doc. No. 80, Page ID# 1742.
[12] ECF Doc. No. 87, Page ID# 3675.
[13] ECF Doc. No. 86, Page ID# 3674.

Fed. R. Civ. Proc. 45(d) is entitled "Protecting a Person Subject to a Subpoena." Fed. R. Civ. Proc. 45(d)(3)(A) permits the court to quash a subpoena that subjects a person to undue burden. Fed. R. Civ. Proc. 45(d)(3)(C) permits the court to specify conditions as an alternative to "ensure that the subpoenaed person will be reasonably compensated." Prior to modifying and enforcing the subpoena issued by RLI, the undersigned required the non-parties to submit cost estimates to the court. After reviewing these estimates, RLI attempted to reach an agreement with the non-parties to modify its subpoenas. Nonetheless, when it could not reach an agreement, RLI requested that the court enforce the subpoenas in their entirety. It made this request after being made aware that the non-parties would bear considerable expense in being required to comply with the subpoenas.

Fed. R. Civ. Proc. 45 focuses on the burden imposed on the recipient of the subpoena. *See Georgia-Pacific, LLC v. Am. Int'l Specialty Lines Ins. Co.,* 278 F.R.D. 187 (S. Dist. Ohio, 2010) [*citing Huntair, Inc. v. Climatecraft, Inc.,* 254 F.R.D. 677, 679 (N.D. Okla. 2008)]. Fed. R. 45(d)(1) requires the party or attorney responsible for issuing and serving a subpoena to take reasonable steps to avoid imposing an undue burden or expense on a person subject to a subpoena. Fed. R. Civ. P. 45(d)(2)(B)(ii) further provides that an order compelling production or inspection of documents "must protect a person who is neither an officer nor a party's officer from significant expense resulting from compliance." Rule 45 constrains what a party can demand from non-parties. For instance, it imposes a duty on the party or lawyer issuing a subpoena to "avoid imposing undue burden or expense on a person subject to" the subpoena. Rule 45(c)(1). The court must enforce this duty and may do so by quashing the subpoena or awarding monetary sanctions, or both. *Id.; Mattel, Inc. v Walking Mountain Productions*, 353 F.3d 792, 814 (9th Cir. 2003).

Protection of a non-party from significant expense does not necessarily mean that the party issuing the subpoena must bear the entire cost of compliance. See *In re Exxon Valdez,* 142 F.R.D. 380, 383 (D.D.C. 1992). "However, the Advisory Committee's Notes, commentaries, and the small universe of decisions applying the Rule appear to intimate such an interpretation." *Georgia-Pacific,* 278 F.R.D. at 190 [*citing In re First American Corp.,* 184 F.R.D. 234, 241 (S.D.N.Y. 1998)].  In fact, the entire tenor of Rule 45 is to prohibit a party from shifting its litigation expenses to a non-party. *Kean v. Van Dyken,* No. 4:05-CV-64, 2006 U.S. Dist. LEXIS 10316, 2006 WL 374502 at *5 (W.D. Mich. Feb. 16, 2006).  The relevant factors for determining how much of the production cost the requesting party must bear include "whether the nonparty has an interest in the outcome of the case, whether the nonparty can more readily bear the costs than the requesting party, and whether the litigation is of public importance." *Linder v. Calero-Portcarrero,* 180 F.R.D. 168, 177 (D.D.C. 1998).

Here, there is no indication that MR&R has any interest in the outcome of the case.  The party whom MR&R represented in prior litigation settled this matter and is no longer involved in the outcome.  While MR&R certainly had information which was relevant to RLI's defense, there is no reason to believe that MR&R would benefit in any way by providing this information to RLI.  Nor is there any reason to believe that MR&R could more easily bear the costs than RLI or that this litigation is of public importance. Thus, the undersigned finds that MR&R is entitled to some of the expenses it incurred in complying with RLI's modified subpoena.

Upon due consideration of the referred motion, RLI's response, MR&R's reply, MR&R's statement of costs and applicable law, the undersigned finds that MR&R is entitled to be compensated for the reasonable costs of its compliance with the subpoena issued by RLI, as modified by the undersigned.  The undersigned has reviewed the statement of costs filed by

MR&R[14] and finds that a few of the hours reflected in the statement exceed an amount which will reasonably compensate MR&R for its compliance with RLI's subpoena. Accordingly, the undersigned recommends the court reduce the hours charged by partner Carl E. Cormany for his preparation of the cost estimate to comply with the original subpoena from 17.9 hours to 9.9 hours.[15] In addition, the undersigned recommends that the entire charges – $1,880 – for work done by Rachel Wolfe, a legal assistant characterized as "doing paralegal work" be stricken from MR&R's request.[16] In part, the hours charged by Ms. Wolfe appear to be for normal functions of an administrative assistant. In part, the hours appear to duplicate the work done by other paralegals or lawyers. Moreover, because it would appear that Ms. Wolfe normally functions as an administrative assistant, MR&R cannot reasonably claim that it lost opportunities for Ms. Wolfe to engage in other compensable work. Admittedly, certain of these conclusions are assumptions that were made necessary by the lack of sufficient detail in the MR&R cost submittal. However, given the court's familiarity with the manner in which law firms in Northeast Ohio function, the court believes the conclusions are reasonable deductions from the information available. To summarize, the undersigned recommends that MR&R's request for costs incurred in compliance with the RLI subpoena be reduced by $1,440 + $1,880 = $3,320.

  Otherwise, the statement of costs submitted by MR&R reflects reasonable value of the lawyer and paralegal hours required to comply with the subpoena. *See Precourt v. Fairbank Reconstruction Corp.,* 280 F.R.D. 462, 2011 U.S. Dist. LEXIS 48927 (D.S.D. 2011); *Arthrex, Inc. v. Parcus Med., LLC,* 2011 U.S. Dist. LEXIS 148555 (S.D. Ind. Dec. 21, 2011). Pursuant to Civil Rule 45 and to avoid an undue burden to a non-party to this lawsuit, the undersigned

---

[14] ECF Doc. No. 77.
[15] Id. at Page ID# 1733.
[16] Id. at Page ID# 1736.

recommends that the court award $14,174.32 to MR&R as reasonable compensation for its compliance with the subpoena issued by RLI.

Dated: September 16, 2016

Thomas M. Parker
U.S. Magistrate Judge

---

### OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981). See also *Thomas v. Arn,* 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).