PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST,

        Plaintiff,

        v.

RLI INSURANCE COMPANY,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

CASE NO. 5:12CV2126

JUDGE BENITA Y. PEARSON

**MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 99]

Pending is Defendant RLI Insurance Company's motion to stay execution of judgment. ECF No. 99.  Plaintiff Selective Insurance Company of the Southeast opposes the motion.  ECF No. 102.  The Court has been advised, having reviewed the record, the parties' briefs and the applicable law.  For the reasons that follow, RLI's motion is denied.

**I.**

On September 21, 2016, the Court entered final judgment in favor of Selective in the amount of $3.25 million plus pre-judgment interest.  ECF Nos. 91, 92.  RLI appealed.  (*See* Case No. 16-4199 before the United States Court of Appeals for the Sixth Circuit.)  RLI moves the Court to stay execution of the Judgment Entry during the pendency of RLI's appeal without the posting of a *supersedeas* bond or with the posting of bond for less than the full amount of the judgment.  ECF No. 99 at PageID #: 3881, 3885.  In addition, RLI requests a temporary stay until the Court issues a ruling on the instant motion.  *Id.*  Plaintiff opposes the motion.  ECF No. 102.

**II.**

(5:12CV2126)

Federal Rule of Civil Procedure 62(d) provides that, while an appeal is pending, an appellant may obtain a stay of execution on a judgment by posting a *superseadeas* bond. Fed. R. Civ. P. 62(d). The Sixth Circuit has held that "Rule 62(d) entitles a party who files a satisfactory *supersedeas* bond to a stay of money judgment as a matter of right." *Arban v. W. Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). However, a stay as a matter of right is "contingent upon the posting of a court approved *supersedeas* bond." *Siding & Insulation Co. v. Alco Vending, Inc.*, No. 1:11CV1060, 2016 WL 1366764, at *2 (N.D. Ohio Apr. 6, 2016) (quoting *Hamlin v. Charter Twp. of Flint*, 181 F.R.D. 348, 351 (E.D. Mich. 1998)); Fed. R. Civ. P. 62(d) ("The stay takes effect when the court approves the bond.").

Trial courts in the Sixth Circuit, have also recognized "the two-fold purpose" of Rule 62(d)—to protect and balance both parties' interests. *Allied Erecting & Dismantling Co. v. United States Steel Corp.*, No. 4:12-CV-1390, 2016 WL 1084136, at *14 (N.D. Ohio Mar. 17, 2016).

> Rule 62(d) permits an appellant to obtain a stay "to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." However, to preserve this right, the appellant must forego the use of the bond money during the appeal period.
>
> For the appellee, Rule 62(d) effectively deprives him of his right to enforce a valid judgment immediately. Consequently, the appellant is required to post the bond to provide both insurance and compensation to the appellee. "The supersedeas bond protects the non-appealing party from the risk of a later uncollectible judgment and also provides compensation for those injuries which can be said to be the natural and proximate result of the stay." Therefore, Rule 62(d) establishes not only the appellant's right to a stay, but also the appellee's right to have a bon[d] posted.

2

(5:12CV2126)

*Physicians Ins. Capital, LLC v. Praesidium All. Grp., LLC*, No. 4:12-CV-1789, 2013 WL 5232817, at *2 (N.D. Ohio Sept. 16, 2013) (quoting *Hamlin*, 181 F.R.D. at 351 (citations omitted)).

"[A] full *supersedeas* bond should almost always be required and should only be excused whe[n] the appellant has demonstrated the existence of extraordinary circumstances." *Verhoff v. Time Warner Cable, Inc.*, No. 3:05CV7277, 2007 WL 4303743, at *2 (N.D. Ohio Dec. 10, 2007) (quotations omitted) (citing cases).  In determining whether extraordinary circumstances exist, the Court may consider factors including: (1) the appellant's financial stability and clear ability to satisfy the judgment; (2) the protection offered by the bond to the prevailing party below; (3) whether posting the bond would pose an undue financial burden on the appellant; (4) the risk that appellee's interests may be irreparably harmed; and (5) the burden on the appellee to enforce his/her judgment in a foreign jurisdiction.[1] *Id.*

### III.

RLI has not demonstrated circumstances so extraordinary that a stay of execution of the Judgment Entry without the posting of a full *supersedeas* bond is warranted.  RLI assures the Court that it has the ability to pay the Final Judgment.  *See* ECF No. 99 at PageID #: 3884 ("[T]his Court should have a high degree of confidence in RLI's ability to pay the Final Judgment—which is so plain that requiring a bond would be a waste of money.").  And, RLI

---

[1]  The Court declines RLI's invitation to extend the list of factors the Court may consider and the holding in *Arban v. W. Pub. Corp.*, 345 F.3d 390 (6th Cir. 2003), to include subsequent interpretations of Rule 62(d) outside of the Sixth Circuit.  *See* ECF No. 99 at PageID #: 3883-84.

(5:12CV2126)

offers that its 2015 Annual Report is sufficient to assure the Court that is not insolvent.  *Id.* at 3884-85.  In RLI's own words:

> The Final Judgment is for $3.25 million. Even with interest accrued back to the date of the settlement of the [underlying lawsuit], the total amount owed is under $4 million.  This constitutes less than 0.25% of RLI's lowest investments and cash total over the past decade.  There should be no reasonable question that RLI has, and will continue to have for the foreseeable future, the ability to pay the Final Judgment[.]

*Id.* at PageID #: 3885.

While RLI paints a portrait of financial stability, it fails to convince the Court that the posting of the bond would pose an undue financial burden or that the Court should not protect the interests of Selective—the prevailing party in this action.  Accordingly, in recognition of the dual purposes of the bond, the Court finds that the posting of a full *supersedeas* bond is required and not excused.

**IV.**

For the reasons stated above, RLI's Motion to Stay Execution of Judgment (ECF No. 99) is denied.  Should RLI seek a stay of execution of the Judgment Entry (ECF No. 92), RLI must submit a *supersedeas* bond in the full amount of the final judgment.  Pursuant to Rule 62(d), a stay will take effect only after the Court approves the bond.  Until the Court approves the bond, Selective may continue to execute upon the Judgment Entry.

Having ruled on the instant motion in this writing, RLI's request for a temporary stay is also denied as moot.

4

(5:12CV2126)

     IT IS SO ORDERED.


  January 25, 2017                      */s/ Benita Y. Pearson*        
Date                                    Benita Y. Pearson
                                          United States District Judge

5