PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | ) ) ) | CASE NO. 5:12CV2126 |
| Plaintiff, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| RLI INSURANCE COMPANY, | ) ) | |
| Defendant. | ) ) ) | **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 67, 68, 78, 85 and 94] |

Non-Party Mazanec, Raskin and Ryder Co., L.P.A. filed a Motion for Order Requiring Payment of Costs.  ECF No. 78.  On September 16, 2016, Magistrate Judge Thomas Parker issued a report recommending that the Court grant the motion in part, and award $14,174.31 as reasonable compensation for Mazanec's compliance with the subpoena issued by Defendant RLI Insurance Company ("RLI").  ECF No. 88 (Report and Recommendation).  RLI objected.  ECF No. 94.[1]  The Court has reviewed the above filings, the relevant portions of the record, and the governing law and renders the ruling below.

## I.  Procedural Backgound

On *de novo* review, the following detailed recitation of the protracted manner in which this discovery dispute unfolded may be informative.

---

[1]  The non-party objections at ECF Nos. 67, 68 and 85 to the Orders issued by the magistrate judge (ECF Nos. 63 and 81) are considered herein to the extent relevant and not waived.

(5:12CV2126)

RLI issued a Subpoena to Produce Documents, Information, or Objects in a Civil Action (the "Subpoena") (ECF No. 40-2) to Non-Party Mazanec compelling the production of: "*Complete attorney file*, including all pleadings, discovery, correspondence, emails and other communications, and all work product including notes, memos, reports, etc. in defending the City of Barberton and employees in *Clarence Elkins, et al. v. Summit County*, OH, et al., ND Ohio Case No. 06-cv-03004." ECF No. 40; ECF No. 40-2 at PageID #: 811 (emphasis added). Mazanec objected to the Subpoena pursuant to Rule 45(d)(2)(B) on three grounds relevant to this writing.[2]  ECF No. 97-1.  Mazanec objected on grounds that: (1) the Subpoena was over broad; (2) compliance would subject Mazanec to undue burden and expense; and (3) compliance would require disclosure of materials protected by attorney-client privilege or the work product doctrine.  *Id.* at PageID #: 3876.  For these and other reasons, Mazanec declined to produce any materials in response to the Subpoena.  *Id.* at PageID #: 3877.  Mazanec also filed a Motion to Quash Subpoena pursuant to Rule 45(d)(3)(A) asking the Court to "quash the Subpoena in its entirety" and to "impose an appropriate sanction against RLI and its counsel pursuant to []Rule 45(d)(1)" for undue burden and expense.  ECF No. 41 at PageID #: 814; ECF No. 41-1 at PageID #: 816, 820.  Mazanec's motion also stated that it was filing the motion to quash in order to "further preserve [its] objections."  ECF No. 41-1 at PageID #: 818.  The matter was referred to

---

[2] RLI concedes that Mazanec asserted objections to the Subpoena prior to filing its motion to quash. *See* ECF No. 101 at PageID #: 3892.

2

(5:12CV2126)

Magistrate Judge Thomas M. Parker, pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and

72.2(a), for resolution of the motion to quash.[3]  ECF No. 52.[4]

On June 2, 2016, the magistrate judge issued an Order (the "June Order") (ECF No. 63)

stating that, pursuant to Rule 45(d)[5], the Court:

> is likely to order the non-part[y] to produce the non-privileged
> materials which RLI has subpoenaed.  However, to avoid placing an
> undue burden on [Mazanec,] the court intends to require RLI to bear
> the reasonable costs of the non-part[y's] production of the
> subpoenaed materials.

ECF No. 63 at PageID #: 1661.  Pursuant to Rule 45(d)(2)(B)(ii), the magistrate judge found the

costs incurred by a non-party for compliance with an order compelling production is

reimbursable.  ECF No. 63 at Page ID #: 1661-62.  The magistrate judge concluded that "the

protections of the work product doctrine are inapplicable here because the subpoenaed materials

---

[3]  In its Order of Reference (ECF No. 52), the Court referred two (2) non-party
discovery disputes in this action to the magistrate judge.  To avoid confusion, this writing
addresses only the discovery dispute between Non-party Mazanec and RLI.  Text from
the magistrate judge's orders, where applicable and/or referenced, is reduced/redacted to
relevant form.

[4] Because this case is now closed pending appeal, the Court would be remiss not
to mention that while this discovery dispute was unfolding both Plaintiff Selective's
Motion for Summary Judgment (ECF No. 48) and RLI's Second Motion for Summary
Judgment/Motion for Reconsideration (ECF No. 50) were pending before the Court.  The
motions were filed on April 11 and 12, 2016, respectively.

[5] The Court notes that the magistrate judge mistakenly attributed his finding
pursuant to subdivision (c) of Rule 45.  Accordingly, the Court hereby corrects this
oversight and holds that subdivision (d) is the applicable provision under the current
version of Rule 45.  *See* Fed. R. Civ. P. 45(c) advisory committee's note to 2013
amendment ("Subdivision (c) is new."); Fed. R. Civ. P. 45(d) advisory committee's note
to 2013 amendment ("Subdivision (d) contains the provisions formerly in subdivision
(c)." ).

3

(5:12CV2126)

were not prepared in preparation for this litigation." *Id.* at PageID #: 1660.  In addition, the

magistrate judge found that Mazanec had "not provided enough information to the court for it to

fully consider and determine whether the [Subpoena would] require the disclosure of privileged

materials and/or whether [the Subpoena would] subject the non-part[y] to an undue burden." *Id.*

at PageID #: 1661.  Therefore, the magistrate judge ordered Mazanec to "prepare and file with

the [C]ourt cost estimates for reviewing the subpoenaed records, preparing privilege logs, and

producing the non-privileged documents subpoenaed by [RLI with] sufficient detail to permit

RLI to determine whether it will modify its subpoenas so as to avoid certain costs."[6] *Id.* at

PageID #: 1662.

Mazanec complied with the June Order by filing a cost estimate (ECF No. 66) indicating:

(1) a total estimated cost for digital and physical document review and preparation of logs in the

amount of $115, 060.00; (2) an estimated costs of preparation and review for document

production by a vendor in an amount ranging from $2,600.00 to $5,200.00, excluding vendor

costs for actual document production; and (3) an estimated cost of $3,690.00 for attorney time

preparing the cost estimate.[7]  ECF No. 66 at PageID #: 1674.  Because the Court was "not

---

[6] *See* Fed. R. Civ. P. 45(d) advisory committee's notes to 1991 amendment ("A
person claiming a privilege or protection who fails to provide adequate information about
the privilege or protection claim to the party seeking the information is subject to an order
to show cause why the person should not be held in contempt [.]").

[7] Mazanec also filed an objection to "(1) the part of the [magistrate judge's O]rder
which 'concludes that the protections of the work product doctrine are inapplicable here
because the subpoenaed materials were not prepared in preparation for this litigation,' and
(2) the omission from the Order of a determination of applicability of the settlement
privilege established by the Sixth Circuit." *See* ECF No. 67 at PageID #: 1676.

4

(5:12CV2126)

notified of any agreement between the parties and/or any proposed modification of the

subpoena[] issued by [RLI]" after Mazanec's cost estimate had been filed, on July 19, 2016, the

magistrate judge issued an Order (the "July Order") (ECF No. 69) requiring RLI to file:

> 1) notice as to whether it will seek enforcement of the subpoena[]
> issued on [Non-Party Mazanec];
>
> 2) notice as to whether it is willing to reimburse [Mazanec] for the
> estimated costs of complying with the subpoena[]; and
>
> 3) in response to the cost estimate filed by [Mazanec], a legal brief
> stating any and all factual and legal arguments in response to
> Mazanec's argument that complying with the [RLI] subpoena would
> create an undue burden, pursuant to Fed. R. Civ. P[.] 45(A).

ECF No. 69 at PageID #: 1690-91.

The parties engaged in some email communication over the following weeks in an

attempt to resolve the discovery dispute.  *See* ECF No. 71-1.  During the attempt, RLI presented

Mazanec with a pared down list of requested materials for production.  ECF No. 71-1 at PageID

#: 1705-06.  By the pared down list, RLI  requested:

> 1) The Defendants' initial disclosures;
>
> 2) The Defendants' answers to Elkins' interrogatories and requests
> for admission . . .;
>
> 3) The documents produced in response to the IRS subpoena in the
> Elkins bankruptcy, not including medical records;
>
> 4) Your office's correspondence with Elkins' counsel, and with any
> third parties including potential witnesses;
>
> 5) Your notes and internal memos, other than attorney-client
> communication, regarding witnesses, evidence, trial strategy, and
> insurance coverage.

(5:12CV2126)

*Id.*  RLI noted in its July 25, 2016 email communicating the pared down list to Mazanec that: "[t]he first three items should be readily available and not require significant review, especially since item 3 was already pre-reviewed, and a privilege [log] prepared." *Id.* at PagedID #: 1706. RLI also requested a cost estimate for the review and production of items 4 and 5.  *Id.*  In response, Mazanec concurred that "not too much review time would be required for the first 3 categories." *Id.* at PageID #: 1703.  Mazanec also provided some rough estimates of time and requested clarification as to items 4 and 5.  *Id.* at PageID #: 1703-05.  The email colloquy concluded with RLI's request that Mazanec produce the first 3 items without further delay.  *Id.* at PageID #: 1701.  Unfortunately, the parties were unsuccessful in reaching an agreement as to items 4 and 5.  Mazanec declined to provide further cost estimates and to produce any documents on grounds that it maintained its original objections to the Subpoena (ECF No. 97-1) and the cost estimate filed with the Court (ECF No. 66), and would await a ruling from the magistrate judge on its pending motion to quash.  *Id.*

Thereafter, RLI did not move the court for an order compelling production pursuant to Rule 45(d)(2)(B)(i).  Instead, RLI complied with the July Order by filing a Notice of Intent to Enforce Subpoenas and Response to Claims of Undue Burden ("Notice") (ECF No. 71) requesting that the Court "enforce the subpoenas in their entirety."  ECF No. 71 at PageID #: 1695.  RLI also requested that the Court clarify its ruling as to the waiver of attorney-client privilege.  In addition, should the Court find attorney-client privilege not waived, RLI requested that the Court enforce the subpoena "with respect to documents not protected by attorney-client privilege and which are not burdensome to produce." *Id.* at PageID #: 1697.  As to the

6

(5:12CV2126)

documents not protected by attorney-client privilege, RLI submitted to the Court that it "seeks only the following documents":

> 1. Elkins and Barberton's initial disclosures;
>
> 2. Barberton's answers to written discovery and document production;
>
> 3. Documents produced in response to the IRS subpoena (except medical records);
>
> 4. [Mazanec's] emails and correspondence with opposing counsel and other non-privileged third-parties;
>
> 5. Attorney memos/notes.

*Id.* RLI averred that the list above included documents that "require minimal review (if any)."

*Id.* Mazanec responded by asserting that the parties still disagree as to the materials protected by privilege, that its work-product doctrine and the settlement privilege objections (ECF No. 67) were still pending before the Court, and that RLI's Notice was unresponsive to the magistrate judge's inquiry as to "whether it is willing to reimburse [Mazanec] for the estimated costs of complying with the subpoenas." ECF No. 72.

On August 16, 2016, the magistrate judge issued an Order (the "August Order") (ECF No. 76) granting, in part, and denying, in part, Mazanec's motion to quash.  The magistrate judge found that Mazanec "provided sufficient information to the [C]ourt to establish that compliance with the [Subpoena] would create an undue burden."  ECF No. 76 at PageID #: 1730.  The magistrate judge also found that while "[Mazanec] filed estimates of the costs they purportedly would incur if the [C]ourt were to enforce the [Subpoena] as issued by [RLI, the magistrate judge] agrees with RLI that [Mazanec's] estimate could have been greatly limited."  *Id.*

7

(5:12CV2126)

Moreover, the magistrate judge found that "the estimate of costs submitted by [Mazanec did] not appear to be a good faith estimate of the actual costs that would be involved with compliance with the [Subpoena]." _Id._ at PageID #: 1730 n.3.  In addition, the magistrate judge made note of Mazanec's concession that "producing certain portions of the subpoenaed materials would not be burdensome." _Id._

Because the magistrate judge found that Mazanec would not produce any of the subpoenaed materials absent a court order (_Id._), the magistrate judge ordered that "the [Subpoena] be modified to avoid undue burden to [Mazanec]" pursuant to Rule 45(d)(3)(A).  _Id._ at PageID #: 1730.  The magistrate judge modified the subpoena (hereinafter the "Modified Subpoena") to require the production of the same list of materials that RLI presented to the Court in its Notice (ECF  No. 71) as not protected by attorney-client privilege and requiring minimal review, with one exception as follows:

> The court hereby modifies the subpoenas issued to MR&R and Scottsdale to require the production of the following:
>
> 1. Elkins' and Barberton's initial disclosures;
>
> 2. Barberton's answers to written discovery and document production;
>
> 3. Documents produced in response to the IRS subpoena (except medical records);
>
> 4. [Mazanec's] emails and correspondence with opposing counsel and other nonprivileged third parties; and
>
> 5. Attorneys memos and/or notes *(excepting those which were prepared in relation to the present case, 5:12-cv-2126).*

(5:12CV2126)

*Id.* at PageID #: 1730-31 (emphasis added to the only modification made by the magistrate judge to RLI's modified production list).  The magistrate judge also instructed Mazanec to "submit a privilege log within five days if it had a good faith belief that any of the materials listed was privileged."  *Id.* at PageID #: 1731.  On the sixth day, a privilege log was emailed to the magistrate judge.  *See* Report & Recommendation, ECF No. 88 at PageID #: 3679.

Thereafter, Mazanec produced "a flash drive of documents and a box of CD's and DVD's with video and/or audio recording" to RLI.  *See* Objection to Report & Recommendation, ECF No. 94 at PageID #: 3713.  On the same day, Mazanec filed a Statement of Costs for Responding to RLI's Subpoena, as Modified (ECF No. 77) indicating costs in the amount of $17,494.32 for (1) reviewing and producing documents requested in the Modified Subpoena, (2) preparing logs of materials for which protection and/or privilege against production was asserted, and (3) document retrieval and duplication expenses.  ECF No. 77 at PageID #: 1733.  Pursuant to Rule 45(d)(3)(A)(iv), Mazanec also filed a motion (ECF No. 78) requesting that the Court issue an order requiring that RLI pay Mazanec the amount of $17,494.32 because Mazanec was "subjected to undue burden" when it "under[took] significant document review and log preparation to comply with the [August Order] and respond to the [Modified Subpoena.]"  *See* Brief in Support of Motion, ECF No. 79 at PageID #: 1740-41.

After Mazanec untimely filed its privilege log pursuant to the magistrate judge's August Order, the magistrate judge issued yet another Order (the "September Order" ) (ECF No. 81) addressing Mazane's prior objections (ECF No. 67) and the deficiencies inherent in the privileges claimed by Mazanec in its privilege log.  The magistrate judge included a more

(5:12CV2126)

thorough account of the legal reasoning behind his earlier holding (in the June Order) that the

protections of Fed. R. Civ. P. 26(b)(3)'s work product doctrine do not apply to non-parties.

Therefore, the magistrate judge found that Mazanec may not assert the protection as a non-party

to this action.  ECF No. 81 at PageID #: 1746-49.[8]  The magistrate judge also found that

Mazanec did not seek a protective order pursuant to Fed. R. Civ. P. 26( c) and has "not

demonstrated that [it] would suffer annoyance, embarrassment, oppression or undue burden or

expense if required to comply with the revised subpoena." *Id.* at PageID #: 7149.  Moreover, the

magistrate judge found that Mazanec's assertion of protections for communications between

experts and attorneys pursuant to Fed. R. Civ. P. 26(b)(4) unsupported and ordered Mazanec to

produced for *in camera* review those documents for which Mazanec asserted protections.  *Id.*

Mazanec responded explaining the grounds for asserting the protections of Rule 26(b)(4).  ECF

No. 84.  Mazanec also filed objections (ECF No. 85) to the magistrate judge's September Order

repeating the arguments made in its earlier objections (ECF No. 67) to the magistrate judge's

ruling that the work product doctrine does not apply to non-parties.  ECF No. 85.

    After considering all of the pleadings before him, the magistrate judge recommends that

the Court issue an Order awarding Non-Party Mazanec the amount of $14,174.32 for the

reasonable costs of complying with the Modified Subpoena.  ECF No. 88 at PageID #: 3678,

3682.  The magistrate judge recommends the Court: (1) reduce the amount by $1,440.00 for

"reduc[ing] the hours charged by partner Carl E. Cormany for his preparation of the cost estimate

---

    [8] *See also Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co.*, No. 93-3084, 1994 WL 58999, at *4 (6th Cir. 1994) (holding that non-parties to the litigation are not protected by the work product doctrine of Fed. R. Civ. P. 26(b)(3)).

(5:12CV2126)

to comply with the original subpoena from 17.9 hours to 9.9 hours[;]" and (2) strike the entire

$1,880.00 cost for work done by Rachel Wolfe, a legal assistant, for work that "appear[s] to

duplicate the work done by other paralegals or lawyers" and because Ms. Wolfe normally

functions as an administrative assistant.  *Id.* at PageID #: 3683.

Shortly after the magistrate judge issued his recommendation, the Court granted summary

judgment against RLI entitling Plaintiff Selective to full recovery of $3.25 million from RLI.

ECF Nos. 91 and 92.  The matter is now closed with an appeal by RLI pending before the Sixth

Circuit (No. 16-4199).

## II.  Standards of Review

### A.  Standard of Review for Magistrate Judge's Report and Recommendation

When objections have been made to a magistrate judge's Report and Recommendation,

the district court's standard of review is *de novo*.  Fed. R. Civ. 72(b)(3).  A district judge:

> must determine *de novo* any part of the magistrate judge's disposition
> that has been properly objected to.  The district judge may accept,
> reject, or modify the recommended disposition; receive further
> evidence; or return the matter to the magistrate judge with
> instructions.

*Id.*

Near verbatim regurgitation of the arguments made in earlier filings are not true

objections.  When an "objection" merely states disagreement with the magistrate judge's

suggested resolution, it is not an objection for the purposes of this review.  *Cvijetinovic v.*

*Eberlin*, 617 F. Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th

Cir. 2010).  Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b).  *See*

11

(5:12CV2126)

*Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at \*7 (N.D. Ohio April 7, 2006). "A party

who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must

be mindful of the purpose of such objections:  to provide the district court 'with the opportunity

to consider the specific contentions of the parties and to correct any errors immediately.'" *Id.*

(citing *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)).

Accordingly, the undersigned has conducted a *de novo* review of the portions of the

magistrate judge's Report to which RLI has properly objected.

**B.  Standard of Review for Magistrate Judge's Ruling on Non-Dispositive Motions**

Because Petitioner has objected to rulings on non-dispositive motions, review is governed

by Local Rule 72.3(a):

> Any party may appeal from a Magistrate Judge's order determining
> a motion or matter made pursuant to Fed. R. Civ. P. 72(a) within
> fourteen (14) days after service of the Magistrate Judge's order. Such
> party shall file with the Clerk of Court, and serve on the Magistrate
> Judge and all parties, a written statement of appeal which shall
> specifically designate the order, or part thereof, appealed from and the
> basis for any objection thereto. The District Judge to whom the case
> was assigned shall consider the appeal and shall set aside any portion
> of the Magistrate Judge's order found to be clearly erroneous or
> contrary to law. The District Judge may also consider sua sponte any
> matter determined by a Magistrate Judge under this Rule.

"The 'clearly erroneous' standard applies to the magistrate judge's findings of fact, and

the magistrate judge's legal conclusions are reviewed under the 'contrary to law' standard."

*Champion Foodservice, LLC v. Vista Food Exch., Inc.*, No. 1:13-CV-1195, 2015 WL 7251307,

at \*1 (N.D. Ohio Nov. 16, 2015) (quoting *Gandee v. Glasser*, 785 F. Supp. 684, 686 (S.D. Ohio

1992) (citations omitted)).  "In reviewing a magistrate judge's decision to determine whether it is

12

(5:12CV2126)

'contrary to law,' a district court is to apply the same standard the Sixth Circuit employs to

review a district court's ruling on an evidentiary question, which is an 'abuse of discretion'

standard." *Id.* (citations omitted).  An abuse of discretion occurs when the magistrate judge

"applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly

erroneous findings of fact." *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002)

(quoting *First Tech. Safety Sys. v. Depinet*, 11 F.3d 641, 647 (6th Cir.1993)).

## II.  Analysis

RLI objects to the magistrate judge's recommendation on the following four (4) grounds:

(1)     The Report & Recommendation cannot retroactively find undue burden in
complying with an Order that expressly modified the subpoena to avoid undue
burden;

(2)     [Mazanec's] alleged costs are not costs to comply with the subpoena, but rather
are costs to protect the alleged privileges of Plaintiff Selective Insurance
Company of the Southeast[] as assignee of the defendants in *Elkins v. City of
Barberton*, No. 5:06-CV-3004, in the United States District Court for the
Northern District of Ohio[] and/or privileges directly asserted by the Elkins
Lawsuit defendants themselves;

(3)     [Mazanec] waived any claim of continuing undue burden by complying with the
Order modifying the subpoena, rather than objecting to the Order; and

(4)     Fed. R. Civ. P. 45 allows costs "instead of" modification of the subpoena, not in

addition.

ECF No. 94 at PageID #: 3709.

Pursuant to Rule 45(d)(3)(A)(iv), Mazanec seeks an order requiring RLI to pay

Mazanec's costs for compliance with the Modified Subpoena (ECF No. 76) to avoid undue

burden.  ECF No. 79 at PageID #: 1740-41.  Rule 45 provides, in part, that "the issuing court

13

(5:12CV2126)

*must* quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv) (emphasis added).  The magistrate judge modified the Subpoena (ECF No. 40-2) to avoid undue burden and denied, in part, Mazanec's motion to quash the Subpoena (ECF No. 41).  ECF No. 76.  Although RLI did not file a motion to compel, it did file a Notice (ECF No. 71) requesting the Court enforce proposed modifications to the Subpoena.  The Court construes RLI's Notice—which made the request for enforcement—as a motion to compel production under the Modified Subpoena pursuant to Rule 45(d)(2)(B)(i).  The magistrate judge incorporated RLI's proposed modifications into the Modified Subpoena nearly verbatim.  The Court finds that the resulting August Order served as both the Modified Subpoena, pursuant to Rule 45(d)(3)(A)(iv), and an order compelling production of the subpoenaed materials, pursuant to 45(d)(2)(B)(i).

Pursuant to Rule 45(d)(2)(B)(ii), any order compelling production "must protect a person who is [not] a party . . . from significant expense resulting from compliance" with the order compelling production.  Fed. R. Civ. P. (d)(2)(B)(ii).  Thus,

> [t]he district judge has the power to modify the scope of the subpoena and thereby remove the objectionable features from it while preserving the rest of the subpoena.  Or, *when a subpoena may prove burdensome*, the court is able to . . . modify upon the person who requested the subpoena *advancing the reasonable cost of producing the material sought*.

9A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2463.1 (3d ed. 2013) (emphasis added).

14

(5:12CV2126)

Moreover, Rule 45(d)(2)(B)(ii) may be triggered by a non-party filing an objection to the

subpoena.  Fed. R. Civ. P. 45(d)(2)(B).  The Advisory Committee Notes to Rule 45(d)(2)

specifically provide:

> A person served a subpoena that is too broad may be faced with a
> burdensome task to provide full information regarding all that
> person's claims to privilege or work product protection.  Such a
> person is entitled to protection that may be secured through an
> objection made pursuant to [Rule 45(d)(2)].

See Fed. R. Civ. P. 45(d) advisory committee's note to 1991 amendment.  "The objection must

be served before the earlier of the time specified for compliance or 14 days after the subpoena is

served."  Fed. R. Civ. P. 45(d)(2)(B).[9]

Mazanec filed objections (ECF No. 97-1) to RLI's original Subpoena which triggered the

Court's authority to protect Mazanec from significant expense of complying with the Subpoena.

See Rule 45(d)(B)(ii).  Mazanec estimated that it would cost over $120,000.00 to comply with

RLI's original Subpoena.  ECF No. 66.  After the magistrate judge modified the Subpoena,

Mazanec filed a statement (ECF No. 77) indicating that it incurred $17,494.32 in costs

complying with the Modified Subpoena.  The cost for complying with the Modified Subpoena

was over $100,000.00 less than the costs Mazanec argued for complying with the original

Subpoena.  Notably, the costs incurred included, but was not limited to, the review of 1,900

---

[9] For good measure, the Court finds Rule 45(d)(1) inapplicable to this dispute as
the record reflects that RLI took reasonable steps to avoid imposing undue burden and
expense by proposing modifications to the Subpoena that significantly reduced the costs
of compliance.  The Court also finds Rule 45(d)(3)(B) and (C) inapplicable because Rule
45(d)(3)(B) is only triggered by circumstances that do not exist in this action and Rule
45(d)(3)(C) is only triggered if Rule 45(d)(3)(B) applies.

(5:12CV2126)

emails, 17 boxes of physical documents, at least 10 DVD's, and various audio recordings. ECF No. 77. Accordingly, the Court finds that the Modified Subpoena (1) advanced the reasonable cost of producing the material RLI sought and (2) protected Mazanec from the significant expense of complying with RLI's original Subpoena pursuant to Rule 45(d)(2)(B)(ii).

Moreover, Mazanec does not dispute that it complied, in part, with the August Order compelling production (ECF No. 76) under the Modified Subpoena when, on August 26, 2016, it produced a flash drive of documents and a box of CD's and DVD's to RLI. Three (3) days later, Mazanec filed a motion for payment (ECF No. 78) asserting that undue burden resulted from complying with the Modified Subpoena pursuant to Rule 45(d)(3)(A)(iv). A review of the docket reveals that no objections relevant to the Modified Subpoena were filed by Mazanec prior to complying with the Modified Subpoena. Moreover, Mazanec concedes that it did not object. *See* ECF No. 97 at PageID #: 3874 ("RLI did not object to that order*, either,* and yet apparently RLI does not think that it waived its right to make its present argument. And neither did [Mazanec] make any waiver.") (emphasis added). Although Mazanec asserts that the magistrate judge's August Order anticipated that Mazanec might assert some privileges, Mazanec did not file objections (ECF No. 85) until after the magistrate judge's September Order compelling production of the documents that Mazanec claimed were protected under the work product doctrine and compelling *in camera* review of documents that Mazanec claimed were protected as expert witness materials. Mazanec's last objection repeated the arguments made in its earlier objections (ECF No. 67). Therefore, while the Court is urged to rule that the protections of Rule 45(d)(3)(B)(ii) relating to Mazanec's asserted protections and privileges were not triggered. *See*

16

(5:12CV2126)

Fed. R. Civ. P. 45(d) advisory committee's note to 1991 amendment.  It does not because such a ruling would run afoul of Rule 45's purpose.  "[]The entire tenor of Rule 45 is to prohibit a party from shifting its litigation expenses to a non-party." *Georgia-Pac. LLC v. Am. Int'l Specialty Lines Ins. Co.*, 278 F.R.D. 187, 190 (S.D. Ohio 2010).

At RLI's request, the Modified Subpoena compelled the production of, among other things, "attorneys memos and/or notes (excepting those which were prepared in relation to the present case, 5:12-cv-2126)." *Id.* at PageID #: 1730-31.  Thus, the record is clear that RLI was deliberate in sustaining a discovery strategy that would result in Mazanec asserting work product protections or other privileges.  *See, e.g.,* Emails, ECF No. 71-1 at PageID #: 1706 ("I expect you will object to [the request for the production of attorneys memos and/or notes] on grounds of work product."); *Id.* at PageID #: 1701 ("What I'm interest[ed] in are notes and memos that debrief events after-the-fact wiith a view toward trial, or otherwise anticipating or strategizing for trial.  In other words, notes which evaluate the trial value of efvidence or develop trial strategy.")  Even if RLI opined that the review would be minimal, RLI requested the production of documents requiring review by Mazanec and potentially subject to an assertion that the documents requested were protected or privileged.  Mazanec complied with the Modified Subpoena, while withholding only those documents that Mazanec asserted were protected or privileged.  The Court construes Mazanec's withholding materials as sustaining its earlier objections (ECF No. 67) to the protections it asserted pursuant to the original Subpoena.  Therefore, the Court rules that the protections of Rule 45(d)(3)(B)(ii) relating to Mazanec's asserted protections and privileges were, indeed, triggered and the Court may award costs to

17

(5:12CV2126)

avoid the significant expense of complying with the Modified Subpoena and the magistrate's

orders compelling the production of privilege logs and documents. *See* Fed. R. Civ. P. 45(d)

advisory committee's note to 1991 amendment.

RLI was the recipient of the fruits of Non-Party Mazanec's labor. Accordingly, the Court

finds that RLI's first, second, and fourth objections to the magistrate judge's

recommendations—that the Court cannot retroactively find undue burden, that Mazanec cannot

seek an award for the costs of asserting privileges, and that the Court may only award costs or

modify a subpoena under Rule 45(d)—are unsupported by law and the record before the Court.

Those objections are overruled. RLI's third objection to the magistrate judge's recommendation

is sustained, in part, and overruled, in part. The Court finds that Mazanec did not object to the

Modified Subpoena. Rather, Maznanec withheld protected and privileged documents for the

same reasons it had asserted in its earlier objections. Mazanec is, therefore, entitled to protection

from the significant expense of providing information to the Court related to its claims of

privilege or work product protection.[10]

---

[10] It is worth noting that, although Mazanec's pending objections (ECF Nos. 67 and 85) to the magistrate judge's orders (ECF Nos. 63 and 81) are now moot, the Court finds the magistrate judge's rulings as to the assertion of the work product doctrine were not contrary to law and there was no abuse of discretion in ruling that, pursuant to *Arkwright Mut. Ins. Co. v. National Union Fire Ins. Co.*, No. 93-3084, 1994 WL 58999, at *4 (6th Cir. 1994), non-parties are not protected by the work product doctrine of Fed. R. Civ. P. 26(b)(3). The Court, hereby, adopts by reference the magistrate judge's legal analysis as stated in his September Order. ECF No. 81 at PageID #: 1746-49.

(5:12CV2126)

### III.  Conclusion

For the aforementioned reasons, the Court adopts the magistrate judge's recommendation

(ECF No. 88), and grants Mazanec's motion for an award of costs (ECF No. 78), in part.

It is hereby ordered that RLI  pay Non-Party Mazanec, Raskin and Ryder Co. L.P.A.

$14,174.32 for the costs of complying with the Modified Subpoena.


IT IS SO ORDERED.


  March 31, 2017                           */s/ Benita Y. Pearson*        
Date                                           Benita Y. Pearson
                                            United States District Judge

19