PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | ) ) ) | CASE NO. 5:12CV2126 |
| Plaintiff, | ) ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) ) | |
| RLI INSURANCE COMPANY | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) | [Resolving ECF No. 110] |

Pending before the Court is Defendant RLI Insurance Company's Motion to Tax Costs. ECF No. 110. Plaintiff Selective Insurance Company of the Southeast responded in opposition (ECF No. 111). Defendant replied (ECF No. 112). For the reasons that follow, the Court grants Defendant's motion.

**I. Discussion**

In total, Defendant seeks $18,887.32 in costs, plus the fees of the clerk. ECF No. 110-1 at PageID #: 3953. This sum results from: (1) $299.60 in fees for service of summons and subpoena, (2) $1,933.40 in fees for printed or electronically-recorded transcripts, (3) $175.00 in fees for exemplification and copying costs, (4) $505.00 in costs from the Sixth Circuit's mandate, and (5) $15,974.32 in other costs. *Id*. Defendant cites Fed. R. Civ. P. 54(d), 28 U.S.C. § 1920 and R.C. 2721.11 as authority.

Rule 54(d) provides that "[u]nless a federal statute, these rules, or court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R.

(5:12CV2126)

Civ. P. 54(d)(1). The rule creates a presumption in favor of awarding costs to the prevailing party. *Knology, Inc. v. Insight Communications Co., L.P.*, 460 F. 3d 722, 726 (6th Cir. 2006) (quoting *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001)). The party objecting to the imposition of costs bears the burden of persuading the court that the imposition is improper. *Freeman v. Blue Ridge Paper Products, Inc.*, 624 F. App'x 934, 938 (6th Cir. 2015) (citing *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 406 F.3d 415, 420 (6th Cir. 2005)).

Plaintiff contests the costs generally as unreasonable, and it makes specific argument to the $15,974.32 Defendant requests in other costs. Each argument is addressed.

**A. Costs in General**

Plaintiff argues that it would be inequitable to award costs to Defendant in this case, because the case dealt with "a close and difficult legal issue of insurance coverage." ECF No. 111 at PageID #: 3999. Defendant counters by arguing that the case was not a close and difficult one, but instead, a case of Plaintiff making a misdirected argument. ECF No. 112 at PageID #: 4007-08.

The Court may employ its discretion to deny the award of costs on equitable grounds when the case is "close and difficult." *White & White, Inc. v. American Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir.1986) (quoting *United States Plywood Corp. v. General Plywood Corp.*, 370 F.2d 500, 508 (6th Cir. 1966)). The determination of whether a case is close and difficult turns "not by whether one party clearly prevails over another, but by the refinement of perception required to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." *Id.* at 732-33.

2

(5:12CV2126)

Plaintiff frames the dispute before the Sixth Circuit as one of determining whether to apply a majority rule (ECF No. 111 at PageID #: 3999), but this characterization proves inaccurate. The Sixth Circuit held that Plaintiff did not argue for the application of a majority rule, but rather presented "a resolution to an entirely different legal issue." *Selective Insurance Company of the Southeast v. RLI Insurance Company*, 706 F.App'x. 260, 267 (6th Cir. 2017). Indeed, the Circuit held that the cases upon which Plaintiff relied were "flatly distinguishable." *Id.*

Thus, the case did not turn on a close and complicated issue, and, therefore, the Court declines exercising its discretion to disallow the imposition of costs.

**B. Other Costs**

Plaintiff contends that the $15,974.32 Defendant requests in "other costs" is not a permissible award under 28 U.S.C. § 1920. ECF No. 111 at PageID #: 3994. Plaintiff argues that this total—stemming from fees Defendant had to pay to non-parties Mazanec, Raskin & Ryder Co. L.P.A. and Scottsdale Insurance Company for compliance with subpoenas—do not fall within the six enumerated costs of 28 U.S.C. § 1920. *Id.* at PageID #: 3996. Defendant retorts that the costs fall within 28 U.S.C. §§ 1920(2) and/or (4)—"fees for printed or electronically recorded transcripts" and "fees for exemplification and the costs of making copies," respectively. ECF No. 112 at PageID #: 4008-09.

The United States Supreme Court has held that, although "costs" has a more limited meaning than "expenses," costs under Rule 54(d) "represents those expenses ... that a court will assess against a litigant." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 573 (2012)

3

(5:12CV2126)

(holding that 28 U.S.C. § 1920(6) applies only to oral translations and does not include the cost of document translation) (quotation omitted). Rule 54(d) provides that a court order can modify what costs a court will allow. Fed.R.Civ.P. 54(d) ("[u]less a federal statute, these rules, or *court order* provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.") (emphasis added).

The costs that Plaintiff claims are impermissible are costs the Court ordered Defendant to pay. On March 31, 2017, the Court ordered Defendant to pay Mazanec Raskin, and Ryder $14,174.32. ECF No. 105. Additionally, on January 25, 2017, Magistrate Judge Parker ordered Defendant to pay $1,800.00 to National Casualty Company and Scottsdale Insurance Company jointly as reasonable compensation. ECF No. 104. Therefore, the Court finds they are costs under Rule 54(d), and their inclusion in Defendant's motion is proper.

## II. Conclusion

For the foregoing reasons, Defendant's Motion to Tax Costs (ECF No. 110) is granted. The Court orders Plaintiff to pay Defendant $18,887.32.

IT IS SO ORDERED.

| April 20, 2018 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |